[837 NYS2d 577]

In the Matter of DENISE D. COOPER (Admitted as DENISE D. ROSENBERG), an Attorney, Resignor.

Second Department, June 26, 2007

## APPEARANCES OF COUNSEL

*Andrew Rubin*, White Plains, for resignor.

*Gary L. Casella*, White Plains (*Anthony R. Wynne* of counsel), for Grievance Committee for the Ninth Judicial District.

## OPINION OF THE COURT

Per Curiam.

Denise D. Cooper, admitted as Denise D. Rosenberg, has submitted an affidavit dated March 1, 2007, wherein she tenders her resignation as an attorney and counselor-at-law (*see* 22 NYCRR 691.9). Ms. Cooper was admitted to the bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on February 27, 1985, under the name Denise D. Rosenberg.

Ms. Cooper has reviewed her affidavit of resignation with counsel and is making this submission voluntarily, free from coercion and duress, and with a full awareness of the implications of its submission, including being barred by Judiciary Law § 90 and the Court rules from seeking reinstatement for at least seven years. Ms. Cooper acknowledges that she is aware that she is the subject of a pending investigation by the Grievance Committee for the Ninth Judicial District (hereinafter the Grievance Committee) into complaints that she converted the sum of $40,000 from her attorney escrow account in relation to one client matter and that she converted the proceeds from a foreclosure sale in the sum of $97,592.38 in relation to another client matter. Two remaining complaints against Ms. Cooper allege neglect and failure to communicate.

Ms. Cooper avers that she could not successfully defend herself on the merits if charges were predicated thereon.

Ms. Cooper is aware that the Court, in any order permitting her to resign, could require her to make monetary restitution to any persons whose money or property was misappropriated or misapplied, if any, or to reimburse the Lawyers' Fund for Client Protection (hereinafter the Fund) to the extent that any monies are actually paid by the Fund for any claim that the Fund determines to be meritorious. She is further aware that any order issued pursuant to Judiciary Law § 90 (6-a) could be entered as a civil judgment against her and she specifically waives the opportunity afforded her by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

The Grievance Committee supports acceptance of the affidavit of resignation as it is in the best interest of the public and is the most expeditious way to conclude the matter.

Inasmuch as the proffered resignation conforms with all of the requirements of 22 NYCRR 691.9, it is accepted, Denise D. Cooper, admitted as Denise D. Rosenberg, is disbarred, and her name is stricken from the roll of attorneys and counselors-at-law, effective immediately.

PRUDENTI, P.J., MILLER, SCHMIDT, CRANE and GOLDSTEIN, JJ., concur.

Ordered that pursuant to Judiciary Law § 90, effective immediately, Denise D. Cooper, admitted as Denise D. Rosenberg, is disbarred, and her name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Denise D. Cooper, admitted as Denise D. Rosenberg, shall promptly comply with this Court's rules governing the conduct of disbarred, suspended and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Denise D. Cooper, admitted as Denise D. Rosenberg, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the resignor, Denise D. Cooper, admitted as Denise D. Rosenberg, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the resignor shall certify to the same in her affidavit of compliance pursuant to 22 NYCRR 691.10 (f).